Coffee *v.* State.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing Denied January 27, 1949.

2

GUINN & MITCHELL, of Johnson City, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted of tippling and possession of intoxicating liquor, with his punishment fixed at a fine of $500 and a workhouse sentence of six months.

The prosecutrix, Mrs. Herbert Nichols, testified that between 10 and 10:30 on a night in September, 1947, the defendant sold her husband, in her presence, a bottle containing four drinks of whisky for seventy-five cents; that both she and her husband were employed; that for more than a year, since their marriage, her husband had spent all his money buying whisky from the defendant; and that she had several times complained of this to the Sheriff.

Testifying on behalf of the defendant, Herbert Nichols, husband of the prosecutrix, denied that he pur-

chased whisky from the defendant on this occasion, or any other occasion. He was so reluctant in answering questions on cross-examination that the jury may have concluded from this fact alone that he was entitled to little, if any, credibility. In his brief defendant complains of the fact that the trial court found it necessary to instruct the husband of the prosecutrix to answer questions which it had ruled competent.

". . . it is well established that in order to clarify matters which appear in doubt, or which are not brought out by counsel or made clear by the witness and would otherwise remain obscure, and to develop the facts fully when essential to the administration of justice, the trial court, at any stage of the examination, may put questions to the witness for the purpose of eliciting facts bearing on the issue; . . . Although an extended examination by the court is essentially unfair, unless skilfully and tactfully conducted, it is generally within its province to ask pertinent and properly framed questions to clear up the record when it appears that they will not be asked by counsel. Indeed, it is his duty, as well as his right, to do so whenever he deems it essential in order to elicit truth or to obtain a clear understanding of the testimony. (Section 1264, pp. 2131-2132.)

"Whether or not the trial court shall question a witness, and the extent of its examination, are within its sound discretion. The trial court should, however, exercise its right to call and examine a witness with great care, and should do so only when without such examination there may be a miscarriage of justice, lest the jury, because of such intervention, indulge in adverse inferences and conclusions from the testimony of the witness. Therefore, the trial judge should examine witnesses only

in rare instances and then only by a few questions necessary to clear up the situation, it being better to suggest to counsel the additional information desired and let him ask the questions.

"While it has been held that the examination of the court should be confined within the limits applicable to the examination by counsel, it is generally held that the court is not, as to evidence, bound by the rule excluding questions of a leading nature, and may ask any questions designed to clarify the record, as long as they do not indicate the court's opinion as to the guilt or innocence of the accused, although an answer not in itself evidence, brought out by a question from the court, may be ground for reversal. The court, must, however, be scrupulously careful not to indicate to the jury its opinion as to the guilt or innocence of the accused, especially in examining the accused himself, which would be not only improper, but prejudicial error. He must not, by his questioning, exhibit bias or prejudice, or take sides, discredit the witness's truthfulness, comment on the testimony, or improperly influence the jury in any way. (Sec. 1265, pp. 2132-2133.)

"The propriety, scope, manner, and control of the examination of witnesses is a matter within the discretion of the trial judge, which will not be interfered with in the absence of an abuse thereof. A wide discretion in this matter is necessarily left to the court." (Sec. 1266, p. 2133) Wharton's Criminal Evidence (11th Ed.), Vol. 3, secs. 1264-1266, pp. 2131-2133.

We are of opinion that the trial judge did nothing prejudicial to the defendant in instructing the witness to answer questions relative to his guilt. This case is typical of the many cases coming to this Court the de-

termination of which depends upon the credibility of the witnesses. The jury has passed on the credibility of the witnesses, and we cannot say that the evidence preponderates in favor of the innocence of defendant.

It results that all assignments of error are overruled and the judgment of the trial court is affirmed.

All concur.