Roy MURPHY, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 26, 1977.

Certiorari Denied by Supreme Court Jan. 16, 1978.

R. Bruce Ray, Jamestown, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., William Paul Phillips, Asst. Dist. Atty. Gen., Huntsville, for appellee.

OPINION

DAUGHTREY, Judge.

Roy Murphy was convicted of shooting into an occupied dwelling, in violation of T.C.A. § 39–613, and he was sentenced to a term of two to four years in the penitentiary. On appeal he attacks (1) the sufficiency of the evidence to support the jury's verdict, and (2) the qualifications of one of the trial jurors. A jointly convicted co-defendant, Billy Foster, does not appeal.

From the record it appears that Foster and Bernard Cook, the prosecuting witness, were married to sisters, and Foster and his wife had been experiencing marital difficulties. During an argument between the Fosters on June 7, the defendant was present and delivered some sort of veiled threat against Mrs. Cook, who was also present at the time.

On the afternoon of June 8, 1975, the defendant drove Foster to the Cook's home, and while the defendant and Foster remained in the car, Foster shouted for Cook to come outside. There followed a brief exchange of words between Foster and Cook, which caused Cook to return to the house, retrieve his shotgun, and fire it into the ground near the defendant's car. He then ordered Foster and the defendant to leave, which they did, but only after threatening to return with guns of their own. A short time later they did return, and according to Cook, Foster aimed a shotgun out the car window and fired into the Cook's house. When Cook grabbed his own shotgun and returned the fire, he saw the defendant firing the shotgun. Some five loads of shot hit the house before the defendant and Foster drove off. As it turned out, Foster had been wounded in the cross-fire and ultimately lost his sight in one eye.

Cook's story was corroborated in some respects by the testimony of his wife and a neighbor. While both the defendant and Foster testified, saying that they did not fire until fired upon, their description of the events was not consistent with physical evidence found at the scene.

■ Although the trial amounted to little more than a "swearing contest," there was evidence from which the jury could have found a violation of T.C.A. § 39–613, and we are unable to say that the proof preponderates against their verdict. The assignments relating to the sufficiency of the evidence are therefore overruled.

The day after the jury returned their verdict, it was discovered that one of the jurors was related by marriage to Cook, the prosecuting witness. This was an apparent violation of T.C.A. § 22–105, which disqualifies jurors related to either party within the sixth degree, as computed by civil law. At a post-trial hearing it was proven that Cook's mother was a half-sister of the grandmother of the juror's spouse, a fifth degree relationship by affinity. By undisputed proof it was also established that the juror had no knowledge of this fact until after the verdict was returned. The defendant, however, now insists that he is entitled to a new trial because of the juror's statutory disqualification. We disagree.

■ Under Tennessee case law, the defect in question is considered a disqualification *propter defectum*, which is deemed waived if no objection is entered prior to the swearing of the jury. *Clariday v. State*, 552 S.W.2d 759, 772 (Tenn.Cr.App.1976). The waiver rule has long been applied to prohibited relationships between a juror and one of the parties, despite the fact that the defendant had no knowledge of the defect at the time of jury's selection. *See, e. g., Draper v. State*, 63 Tenn. 246, 252–3 (1875); *Cartwright v. State*, 80 Tenn. 620, 628 (1884).

■ Furthermore, we note that here, as in *Cartwright, supra*, the juror had no knowledge of her relationship to one of the parties at the time she was seated, and did not learn of the relationship until after the trial was completed. Under such circumstances, no prejudice to the defendant can be shown. There being no merit to the assignment, it is therefore overruled.

The judgment of the trial court is affirmed.

RUSSELL, P. J., and GALBREATH, J., concur.