STATE of Tennessee, Appellee,

v.

David BROCK, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

March 20, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Randy G. Rogers, Athens, for Appellant.

Charles W. Burson, Attorney General and Reporter, Eugene J. Honea, Assistant Attorney General, Nashville, Timothy F. Behan, Legal Assistant, Jerry N. Estes, District Attorney General, Athens, for Appellee.

## OPINION

WELLES, Judge.

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant was convicted on a jury verdict of two counts of assault,[1] two counts of statutory rape,[2] and four counts of contributing to the delinquency of a minor.[3]

These charges arose from certain alleged conduct of the Defendant involving five separate female victims who ranged in ages from fourteen to seventeen years old. All of the activities were alleged to have occurred at times while the victims were visiting the Defendant in his home during a two or three month time frame. The victims were friends or acquaintances of the Defendant. Apparently, other members of the victims' families were also friends or acquaintances of the Defendant's. The Defendant was indicted on an eleven-count indictment charging him with three counts of statutory rape, three counts of sexual battery and five counts of contributing to the delinquency of a minor. The contributing to the delinquency of a minor charges grew out of allegations that the Defendant provided the minors with alcohol and cigarettes. Because the Defendant does not challenge the legal sufficiency of the convicting evidence or raise any sentencing issues on this appeal, we see no need to address the facts in any detail.

The Defendant argues three issues on appeal: (1) On the statutory rape charges, that the trial court erred by failing and refusing to include in the jury charge the statutory defense of the victim's promiscuity, codified at Tennessee Code Annotated section 39–13–506(b) (repealed 1994); (2) that the trial judge erred by not removing a juror when the juror disclosed that he was related to one of the alleged victims and thus disqualified from serving,[4] even though the Defendant did not object to the juror serving; and (3) that the trial judge erred by *sua sponte* reopening the proof after the defense had rested, and by further personally recalling the Defendant to the stand over his objection so that the trial judge could ask him his age, because the record contained no proof that the Defendant was more than four years older than the alleged victim of the statutory rape.

At all times relevant, the crime of statutory rape was codified as follows:

Statutory Rape—(a) Statutory Rape is sexual penetration of a victim by the defendant or the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.

(b) It is a defense to prosecution under this section that the victim was at the time of the alleged offense at least fourteen (14) years of age and had, prior to the time of the alleged offense, engaged promiscuously in sexual penetration.

Tenn.Code Ann. § 39–13–506 (subsection (b) was repealed in 1994).

I.

■ The Defendant first argues that the trial judge erred by refusing to include in the

---

1. Tenn.Code Ann. § 39–13–101.

2. Tenn.Code Ann. § 39–13–506.

3. Tenn.Code Ann. § 37–1–156.

4. *See* Tenn.Code Ann. § 22–1–105.

jury charge the defense which was codified in subsection (b) referred to above. No testimony or other evidence was presented that the victim had, prior to the time of the alleged offense, engaged promiscuously in sexual penetration. In fact, there is no evidence in this record that the victim had engaged in sexual penetration at all prior to the alleged intercourse with the Defendant. The Defendant acknowledges the lack of evidence in the record, but argues that because there was evidence that the victim had been a teenage runaway, had used cocaine, liquor and other drugs, smoked cigarettes and came to the Defendant's house to get money and liquor, and that she admitted that she engaged in sex with the Defendant for money, the jury should have been allowed to infer that this victim had, prior to the time of this offense, engaged promiscuously in sexual penetration. We cannot conclude that the trial judge erred by refusing to charge the jury concerning this statutory defense. There is simply no proof in this record that the victim engaged in sexual penetration with anyone other than the Defendant. This issue has no merit.

## II.

During jury selection, one of the jurors stated that one of the alleged victims "may be far off kin ... I debated on that. It's my uncle's daughter's daughter." The juror stated that this relationship would have no bearing on his ability to serve as a juror. Defense counsel stated to this juror, "you brought up that you did know [one of the victims] and maybe branch water kin, as I call it. I'm kin to half the people down in Brushy Creek, if you go back far enough ..."

Our law provides that "no person can act as a juror in any case in which the person is interested, or when either of the parties is connected with the person by affinity or consanguinity, within the sixth degree, computing by the civil law, except by consent of all the parties. Tenn.Code Ann. § 22–1–105.

The common law rules governing challenges to juror qualifications fall into two general categories: (1) propter defectum or (2) propter affectum. *Partin v. Henderson,* 686 S.W.2d 587, 589 (Tenn.App.1984), *perm. to appeal denied, id.* (Tenn.1985). Objections based upon general disqualifications, such as alienage, family relationship, or statutory mandate, are within the propter defectum class and, as such, are considered waived if not made prior to the swearing of the jury. *Murphy v. State,* 560 S.W.2d 414, 415 (Tenn. Crim.App.1977), *cert. denied, id.* (Tenn.1978).

While the Defendant suggests that the juror failed to disclose the nature of his blood relationship to the alleged victim, the record does not support this conclusion and reflects that the juror fully disclosed the relationship. As we have stated, defense counsel mentioned the relationship during the jury selection process. Furthermore, the Defendant does not argue that the juror was biased.

The Defendant concedes that this assignment of error is generally considered waived under the circumstances of this case. He argues that this court should "engage a new rule" which would mandate that the trial judge remove such a juror in a criminal case. We see no reason to do so. The Defendant waived any objection to this juror serving and in effect, consented to same. Furthermore, we find no prejudice.

This issue is without merit.

## III.

The Defendant next argues that the trial court interfered with the Defendant's right to a fair trial because the judge *sua sponte* reopened the proof after the Defendant had rested his case, recalled the Defendant to the stand over his objection, and asked the Defendant how old he was when no proof had been placed in the record concerning the Defendant's age.

The Defendant presented evidence and testified in his own defense, denying any improper conduct. After the Defendant rested his case, the court announced a recess. During this recess, the Defendant moved to dismiss certain of the contributing to the delinquency of a minor charges and request-

ed that the judge charge as a defense subsection (b) of the statutory rape statute which we have addressed earlier in this opinion. The judge overruled the defense motions and then asked both the assistant district attorney general and defense counsel if "you all have anything else?" Both attorneys responded that they did not.

The trial judge then pointed out that he did not believe there was anything in the evidence concerning the age of the Defendant. The defense attorney then moved the court for a judgment of acquittal with regard to the counts of statutory rape in that "there is no way this jury has heard any proof that he is at the requisite age to have been shown to have committed statutory rape" (i.e. at least four years older than the victim). The assistant district attorney argued that the jury could "reasonably infer from just looking at him that he is at least four years older than any of the girls testifying." To this argument the judge replied "looks to me like if you could take that approach, you could take the approach that I could take judicial notice that he's such and such an age."

The judge then stated "I'm gonna recall him myself—I'm not going to grant your motion. Anybody got anything else?" Defense counsel objected to the judge recalling the Defendant or opening the proof stating, "I just object to it and I don't think it's the proper procedure to do it." The court overruled the objection.

The jury was brought back into the courtroom at which time the judge asked the Defendant how old he was and the Defendant responded that he was fifty years old. The judge then asked the attorneys if they had anything further and both attorneys responded that they did not.

Although the Defendant acknowledges that his "mere presence" in the courtroom may have been some circumstantial evidence of his age, he argues that for the court to reopen the proof after the Defendant had rested his case and made his motion for a verdict of acquittal "was egregious to the concept of fundamental justice." He correctly points out that but for the response which the Defendant made to the judge's question, the record is void of any evidence of the

Defendant's age. The Defendant argues that the procedure utilized by the trial judge violated the Defendant's right to "fundamental fairness in his criminal trial." He argues that the trial judge abused his discretion in allowing the proof to be reopened in order to present evidence of an essential element of the crime with which the Defendant was charged. He argues that the trial judge's action in personally asking the Defendant a question that established an essential element of the crime was "clearly beyond the dividing line." He argues that the trial judge erred when he forced "a Defendant back on the stand to answer questions relative to his guilt."

The State argues that it was within the discretion of the trial judge whether to allow the State to reopen its proof. The State further argues that the record reflects no abuse of discretion on the part of the trial judge in allowing the proof to be reopened. The State argues that one reason for allowing the trial court wide discretion in reopening the proof is to allow additional evidence to be presented when the State, through oversight or neglect, has failed to prove an element of the offense. The State argues that the trial judge did not err or abuse his discretion when the judge personally questioned the Defendant because the question asked did not indicate the court's opinion as to the guilt or innocence of the Defendant, and the examination was very brief and impartial. The State argues that "by calling the Defendant back to the stand to ask him only his age," the court merely clarified the record without reflecting an opinion as to the guilt or innocence of the accused.

▮ As the State correctly argues, the decision of whether to reopen the proof for further evidence is within the discretion of the trial court, and the decision of the trial court will not be set aside unless there is a showing that an injustice has been done. *State v. Bell,* 690 S.W.2d 879, 882 (Tenn. Crim.App.), *perm. to appeal denied, id.* (Tenn.1985). However, this record reflects that the trial court did not "allow" the State to reopen its proof. Even after the trial judge advised the State that he felt the proof was lacking on an essential element of the

crime, the State did not move the court to allow it to reopen the proof. The State's attorney argued that he thought there was sufficient circumstantial proof of the Defendant's age in the record. The trial judge apparently disagreed with the prosecutor on that point and said, "I'm gonna recall him myself." We emphasize that this is not a situation in which the State requested the trial judge to allow proof to be reopened to submit evidence which had been omitted through oversight. The State apparently decided that the Defendant's presence in the courtroom was sufficient proof of his age. The trial judge disagreed and announced *sua sponte* that he would recall the Defendant himself to the stand to question him and establish proof of the Defendant's age, an essential element of the offense.

■ As our supreme court stated long ago, "it is essential that trials shall be managed fairly, and that trial judges shall not only be just to both sides, but that they shall observe in their demeanor an even tenor, so that an impartial state of mind may be apparent to *all* concerned." *Parker v. State*, 132 Tenn. 327, 178 S.W. 438 (1915) (emphasis added).

■ A trial court judge should exercise his right to call and examine a witness with great care, and should do so only when it may be necessary to avoid a miscarriage of justice. *Coffee v. State*, 188 Tenn. 1, 216 S.W.2d 702 (1948). "The court, must, however, be scrupulously careful not to indicate to the jury its opinion as to the guilt or innocence of the accused, especially in examining the accused himself, which would be not only improper, but prejudicial error." *Id.* "[The] trial judge should examine witnesses only in rare instances and then only by a few ques-

tions necessary to clear up the situation, it being better to suggest to counsel the additional information desired, and let him ask the questions." *Id.*

Here, after the defense had rested, the trial judge pointed out to the assistant district attorney, what the judge noted was a shortcoming in the evidence. The assistant district attorney apparently determined to let the case go to the jury on the evidence which had been presented. Without even a request from the State, the trial judge announced that he was going to recall the Defendant to the witness stand himself. Over the Defendant's objection, the trial judge asked the Defendant the question that placed in the record the only evidence to support the jury's finding of an essential element of the offense. We must conclude that the trial judge abused his discretion by *sua sponte* reopening the proof, calling the Defendant back to the witness stand, and asking the Defendant a question.

We, therefore, conclude that the Defendant's two convictions for statutory rape must be reversed and those charges dismissed. The Defendant's two convictions for assault and four convictions for contributing to the delinquency of a minor are affirmed.

This case is remanded to the trial court for the purpose of entering an order consistent herewith.

JONES, P.J., and PEAY, J., concur.