# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1997 SESSION



FILED

February 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9601-CC-00044 |
| Appellee, | ) | |
| | ) | MONROE COUNTY |
| VS. | ) | |
| | ) | HON. MAYO L. MASHBURN, |
| DAVID GARY MILLSAPS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Child Abuse) |

**FOR THE APPELLANT:**

**CHARLES M. CORN**
District Public Defender

**WILLIAM C. DONALDSON**
Assistant Public Defender
110 ½ Washington Ave N.E.
Athens, TN 37303

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JERRY N. ESTES**
District Attorney General

**AMY ARMSTRONG**
Assistant District Attorney General
P.O. Box 647
Athens, TN 37303-0647

**OPINION FILED:** _____

**CONVICTION AFFIRMED;**
**REMANDED FOR RESENTENCING**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The defendant, David Gary Millsaps, was convicted by a jury of simple child abuse.  He was sentenced to eleven (11) months and twenty-nine (29) days.  On appeal, he contends the evidence adduced at trial is not sufficient to support a guilty verdict and his sentence is excessive.  The conviction is affirmed, but for reasons hereinafter stated, the case is remanded for resentencing.

**FACTUAL BACKGROUND**

The defendant and Tammy Millsaps were divorced.  On June 9, 1995, eight (8) year-old G.M.[1] spent the day with his father, the defendant.  Tammy Millsaps, the victim's mother, picked him up that afternoon and noticed what appeared to be bruises on the victim's legs, back and arms.  Tammy Millsaps took the victim to the Sweetwater Emergency Room where the police were summoned.  Sergeant Gary Newman of the Sweetwater Police Department observed several bruises and welts on the child.  The victim's injuries were photographed by the police at the hospital.[2]  The defendant arrived at the hospital, was read his <u>Miranda</u> rights and subsequently gave a written statement that he had given the child a "whippin'."

**SUFFICIENCY OF THE EVIDENCE**

The defendant contends the circumstantial evidence presented at trial does not support a guilty verdict  because the victim did not testify, there was no medical testimony that the injuries rose to the level of child abuse, and medical

---

[1]It is the policy of this Court not to reveal the names of minor victims.

[2]The photographs depict substantial bruising and discoloration of the skin on the child's legs, back and arm.

2

testimony was not introduced to show the injuries were other than accidental.

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, in order for this to occur, the circumstantial evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with innocence and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Tharpe, 726 S.W.2d at 900 (quoting Pruitt v. State, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970)).

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); see also State v. Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt v. State, 460 S.W.2d at 391.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996).

Neither the testimony of the victim nor medical testimony was necessary in this case. The defendant arrived at the hospital shortly after the victim. After being read his rights, the defendant admitted physically striking the victim. The jury in this case obviously believed the defendant knowingly inflicted the injuries

3

on the victim, and that those injuries rose to the level of simple child abuse as provided in Tenn. Code Ann. § 39-15-401. The evidence was sufficient to support the guilty verdict.

**SENTENCING**

The defendant contends his sentence was excessive because the trial court improperly considered two previous convictions and failed to consider one mitigating factor. In our review of the record, it is unfortunately apparent the sentencing hearing had flaws much greater than the application of mitigating and enhancement factors.

Prior to the hearing the trial court had an *ex parte* conversation with Sheriff's Detective George Williams. It further appears from the record that neither the state nor defense counsel was made aware of this conversation prior to the hearing. The court began the hearing by announcing, "[a]ll right. Ladies and Gentlemen, it has been brought to my attention by an officer here in Bradley County that he has certain information concerning Mr. Millsaps and a threat that he's made." At this point the trial court called and examined the detective regarding an alleged threat by the defendant to "blow the courthouse up and kill everybody in the courthouse." After examining the witness, the trial court asked the defendant if he wished to cross-examine the witness. The defendant, apparently representing himself, began to make statements to the detective and the court. This prompted the public defender to ask if his office was relieved of representation. The court replied negatively. The public defender at that point examined the detective.

Next, the Monroe County Sheriff was called by the trial court to testify. The trial judge had also spoken with the sheriff *ex parte* before the hearing. The court examined the Sheriff about the defendant's alleged threat. At this point the public defender objected to the trial court's presentation of evidence that was properly the responsibility of the District Attorney General's office.

4

Mr. Donaldson:     In all fairness, Judge, I think we should be made aware of any evidence that's gonna be presented against Mr. Millsaps. This is really a sentencing hearing by ambush.

The Court:     That's right. Have a seat.

Most of the remaining testimony in the hearing consisted of whether the officers believed the alleged threat was serious enough to have the defendant or his home searched for explosives. One conversation centered around the defendant alleging numerous unrelated illegal activities committed by officers of the Monroe County Sheriff's Department. The sentencing hearing consisted entirely of testimony and discussions about the alleged threat and unrelated matters. There was no testimony or argument by counsel concerning the facts, enhancement factors or mitigating factors relating to the case upon which the defendant was being sentenced.

When passing sentence on the defendant, the trial court stated it found no mitigating factors, yet a fairly extensive record of prior criminal activity. The trial court then stated:

> Now let me say this, and it's not necessary for me to say it, but I want to be perfectly candid with everybody. I sat down and read this presentence report on you about two or three weeks ago. And then I sat down and read it again last night. And while I'm somewhat reluctant to admit it, I've got to be honest with everybody, and I can tell you that before I came up here today, I had pretty much made up my mind what your sentence was gonna be. (Brief pause) And all of you can read it right here, "Approve fine, $1250, 11 months and 29 days suspended." But that's not the sentence of this Court today. The sentence of this Court today is 11 months and 29 days to serve at 75%, and you go into custody right now. That's the sentence of the court.

Clearly, a judge may neither permit nor consider *ex parte* communications in a sentencing proceeding. Sup. Ct. Rules, Rule 10, Canon 3, B(7)(1997); State v. Cash, 867 S.W.2d 741, 749 (Tenn. 1993). Just as importantly, a trial judge should call and examine witnesses only in rare instances, it being better practice to suggest to counsel that certain questions be asked of a witness. State v. Brock, 940 S.W.2d 577, 581 (Tenn. Crim. App. 1996).

We in no way intend to diminish the responsibility of a trial court to

5

maintain security. Security should always be a paramount concern and is indeed the trial court's responsibility. The crucial matter leading to the problem in this case, however, was the failure of the trial court to advise counsel of the *ex parte* communications prior to the hearing. As a result the trial court elicited this information during the sentencing hearing from witnesses called by the court. Furthermore, the hearing was consumed with accusations and cross-accusations of unrelated past events. In light of the trial court's comments, he obviously considered these matters in imposing the maximum sentence. Therefore, this case must be remanded for a new sentencing hearing.

## CONCLUSION

We find the evidence was sufficient in this case for the jury to have found the defendant guilty of the offense charged. However, because the sentencing hearing was fraught with error, we remand for a new sentencing hearing.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOE G. RILEY, JUDGE**

_____
**CHRIS CRAFT, SPECIAL JUDGE**