CURTIS *v.* STATE.

(*Nashville.* December Term, 1933.)

Opinion filed July 23, 1932.

428

See, also, the following opinion, p. 430.

See, also, the following opinion, p. 430.

ᴊOHN LOWERY, HERMAN L. KING, and ANDREW D. TAN-
NER, all of Nashville, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the
State.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This is a conviction of a charge of having carnal knowl-
edge of a female under the age of twelve years, the
daughter of the plaintiff in error. The sentence of im-
prisonment was for ninety-nine years. No graver charge
could be made and no more serious offense could be com-
mitted. The case for the State rests alone for direct
evidence upon the testimony of the daughter. The plain-
tiff in error vigorously denies the charge. The wife and
mother of the girl testified that she never had any intima-
tion of the commission of the crime, or any reason to
suspect it, until some two weeks before the bringing of
this prosecution, nearly a year after the time when it
is charged that the offense was committed. A number
of neighbors, of apparently good repute, testified that
the character of the plaintiff in error was good, that they
had never known of his being in any trouble, and that
he was entitled to full faith and credit on his oath.

On the other hand, older daughters testified for the
State. They do not pretend to know anything of the
facts, other than statements made by the girl some ten
months after the alleged occurrence. Objection was
made to the admission of testimony by these sisters as
to these statements made so long after the alleged oc-

currence, and it is insisted that the admission of this testimony was reversible error.

While we do not concur in the insistence made that the requirement expressed in the violation of the age of consent statute for corroboration of the female extends to prosecutions under the statute now before us (Shannon's Code, sec. 6455), the rule limiting the time within which statements must be made by a female with respect to offenses of this general nature applies to offenses under the carnal knowledge statute. Practically the sole proof in corroboration of the grave charges made by this girl is found in a conversation which her sister testifies the girl had with her nearly a year after the alleged occurrence. We are unable to find any authority sustaining the admissibility of such statements after so long a time. Our cases of *Phillips* v. *State,* 9 Humph. (28 Tenn.), 246, 49 Am. Dec., 709; *Benstine* v. *State,* 2 Lea (70 Tenn.), 169, 31 Am. Rep., 593, and *Hill* v. *State,* 5 Lea (73 Tenn.), 725, appear to recognize the admissibility of such statements, unless made immediately, only when the delay is accounted for by threats, or other circumstances excusing the delay, none of which appear in this case. The authorities generally hold that, if the complaint is delayed and no satisfactory reason for the delay is shown, the complaint is not admissible. 52 C. J., 1065.

We are forced to the conclusion that the admission of this testimony was error, and it cannot be questioned that it was prejudicial. Without any detailed discussion of the evidence generally, and without expressing any opinion as to the facts otherwise, we are constrained to reverse the case for the error mentioned in the admission of this testimony, and remand it for a new trial.