**Chester Lee SUMERALL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 21, 1978.

Certiorari Denied by Supreme Court
March 19, 1979.

Brett B. Stein, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Michael W. Hughes, Asst. Atty. Gen., Memphis, for appellee.

OPINION

O'BRIEN, Judge.

Defendant was indicted for rape and convicted of assault with intent to commit rape. Punishment was set at not less than three (3) years nor more than four (4) years in the penitentiary.

On this appeal defendant charges the trial court's instructions to the jury relative to the complaint made by the victim against her attacker amounted to an unwarranted comment on the evidence. The jury instruction in this regard was as follows:

"If complaint is made soon after the alleged act it tends to strengthen the testimony of the prosecutrix. If no complaint is made, or a long time elapses between the alleged act and her complaint, it tends to weaken her testimony."

 At the outset we note the State's suggestion that the case is prematurely before us and not ripe for consideration. This case was tried and judgment entered on November 17, 1976. A motion for new trial was properly filed and dismissed for lack of prosecution on December 15, 1976, at the State's request. The case was appealed and after consideration in this court, remanded to the trial court for a ruling on the motion for new trial on its merits. On November 4, 1977, the motion for new trial was overruled, appeal was granted, and the case is now before us for consideration of the assignments of error. We consider the case in the proper posture for disposition.

The case cited by defendant to support his assignment, *Phillips v. State*, (Tenn.Cr. App. 4/24/78), was pending before the Supreme Court on petition for certiorari at the time the brief was filed. Certiorari was denied on May 1, 1978. In *Phillips* complaint was made of the exact same jury instruction. This court stated the law on the subject and, citing authority, went on to say the following in reference to the objected to jury instruction:

"It is the law of this State that evidence of complaint or lack thereof in a case of rape may be considered by the jury in weighing the truth or falsity of a victim's testimony. *Conboy v. State*, 2 Tenn.Cr. App. 535, 455 S.W.2d 605, (1970)."

 There is no authority for the instruction delivered by the trial judge not among the cases cited by the State, nor among the numerous cases we have examined in our own research. We think it would be better for the trial judge to instruct the jury that they may consider the complaint, or lack thereof, in weighing the credibility of a victim rather than specifically stating that it tends to strengthen or tends to weaken the testimony of the witness.

 The court went on in the *Phillips* case to say they did not think the charge affected the verdict of the jury. So it is in this case. The evidence was overwhelming that defendant locked himself and his victim in the residence where the assault took place after evicting the owner. The victim testified she had been raped. The jury saw fit to find defendant guilty only of an assault. The testimony of the victim, her boyfriend, and the owner of the house where the incident took place each corroborated the other in one area or another, and in turn was corroborated by the testimony of police officers. We are of the opinion that the jury instruction did not affect the results of the trial. T.C.A. Sec. 27–117. Jury instructions such as those delivered in this case may be of some benefit to a defendant if the complaint comes some lengthy period of time after an alleged assault takes place. Under the circumstances of the case before us instructions of this nature work to the disadvantage of a defendant because it emphasizes the complaint made by a prosecutrix soon after the incident occurred. We strongly commend to trial judges in cases of this nature the options included in footnotes 14 and 15 to Tennessee Pattern Jury Instructions, Criminal, (1978), Number 25.01, Rape.

We overrule the assignment and affirm the judgment of the trial court.

DAUGHTREY and BYERS, JJ., concur.