**STATE of Tennessee, Appellee,**

v.

**John C. WILLIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 25, 1987.

Permission to Appeal Denied by Supreme Court June 15, 1987.

Mark W. Fowler, Union City, for appellant.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, Jim W. Horner, Dist. Atty. Gen., Mac McCoin, Lyman Ingram, Asst. Dist. Attys. Gen., Dyersburg, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of the aggravated rape of his ten year old niece and received a sentence of twenty years in the state penitentiary as a Range I, standard offender. The appellant has presented four issues on appeal, one of which challenges the sufficiency of the convicting evidence.

The appellant is the stepbrother of the victim's father. During the summer of 1985, he went to live with the victim's family. One evening during that summer she was sleeping on the sofa. According to her testimony, the appellant rubbed her breasts and vaginal area with his hands and slightly penetrated her vagina with his penis. He also attempted to force her to perform fellatio on him, but she thwarted his efforts by clenching her teeth.

A minister testified that the victim reported to him that the appellant had had sexual intercourse with her. He notified the Newbern Police Department and the ensuing investigation led to his arrest.

The arresting officer testified that, as he was informing the appellant of the reason for the arrest, the appellant stated, "I told them to keep her hot little ass away from me."

The appellant did not testify, but through others' testimony presented a two-pronged defense. First, he sought to challenge the victim's credibility by attempting to show that she had made false allegations of sexual abuse against another man. He also sought to show that she had confused him with another uncle who actually raped her.

As was their prerogative, the jury chose to believe the victim and to disbelieve both of his defense theories.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

■ There was ample evidence from which any rational trier of fact would conclude that the appellant was guilty of aggravated rape beyond a reasonable doubt. Rule 13(e), T.R.A.P., *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). This issue has no merit.

■ In another issue the appellant contends that the trial judge erred by allowing the victim's father to testify concerning her hearsay statements to him under the "fresh complaint" hearsay exception.

The appellant contends that the fresh complaint must be made *soon* after the alleged incident so that there is no time to fabricate the allegation and there must exist a significant degree of agitation, making the statement analogous to the "excited utterance" exception to the hearsay rule.

There is no requirement that a rape victim's testimony be corroborated. However, there is frequently some corroboration which is admissible to support and give weight to the victim's testimony. *King v. State*, 210 Tenn. 150, 357 S.W.2d 42, 45 (1962). Statements about the particulars of the rape, made by the victim shortly after its occurrence are admissible as confirmation of her credibility, and such statements may be introduced by the testimony of the person to whom the statements were made. *Id.*, 357 S.W.2d at 45–46.

■ While this Court has spoken of "fresh complaint" as a "special exception to the hearsay rule," it is actually just corroboration of the victim's testimony, not original evidence of the crime charged, unless it qualifies as an "excited utterance," in which case it may be received as substantive evidence. Paine, *Tennessee Law of Evidence* § 88 (Supp.1981), pp. 49–50, citing numerous cases from this Court.

In *Curtis v. State*, 167 Tenn. 427, 70 S.W.2d 363 (1932), (Curtis I) our Supreme Court held that unless statements of fresh complaint are made immediately, they are only admissible when the delay in making the complaint "is accounted for by threats, or other circumstances excusing the delay." If the complaint is delayed and "no satisfactory reason for the delay is shown, the complaint is not admissible." The statements to older sisters were made ten months after the crime had been committed without any accounting for the delay. The charge was vigorously denied by Curtis and several neighbors testified as his character witnesses. Thus, the Supreme Court was "forced to the conclusion" that prejudicial error occurred, requiring reversal and remand. 70 S.W.2d at 363–364.

On remand the trial judge again admitted the statements of the victim. Again, it was appealed to the Supreme Court, where the conviction was again reversed and the cause remanded for a new trial. *Curtis v. State*, 167 Tenn. 430, 70 S.W.2d 364, 366 (1934), (Curtis II). The only reason shown in the evidence for the lengthy delay was the victim's generalized fear of the defendant who was her father. There was no evidence of any threat against the child, either at the time of the crime or at any subsequent time. The Supreme Court de-

nominated the fresh complaint exception "a dangerous rule" and held that the statements made at the solicitation of two women were not admissible "to corroborate the prosecutor" or "as tending to show the truth of her charge." The Court noted that such statements are admissible only when they have been made "within such time after the occurrence that they may reasonably be held to negative in some degree the alternative theory of fabrication." 70 S.W.2d at 366.

In *Wilkerson v. State*, 208 Tenn. 666, 348 S.W.2d 314, 318 (1961), there is dictum which indicates that such statements are admissible even after a long delay. There the Court said:

There is a very close relationship between such statements made immediately after to someone else and that of the person when offered for corroborative purposes, and, of course, a long delay in making such statements is shown as casting doubt upon the truth of the accusation. Insofar as such statements are made under such circumstances of spontaneity as to preclude fabrication they are generally admissible,....

In *Burlison v. State*, 501 S.W.2d 801, 804–805 (Tenn.1973), our Supreme Court held that it was error for the trial court to admit the stipulation of the expected testimony of three witnesses concerning the single question of whether or not they had a conversation with the victim concerning her relationship with her father, when it was admitted that the testimony of the three witnesses was inadmissible under *Curtis I.* The Supreme Court noted that:

Upon admission by the State that the testimony of the witnesses was inadmissible under *Curtis v. State*, supra, the trial judge should have put an end to that controversy by entirely excluding the testimony of said three witnesses. Who can say that the stipulation was not construed by the jury to be a recognition by the trial judge, the State, and the defendant, that "hue and cry" was, in fact, made within all the requirements of the law. The stipulation had unmistakable implications prejudicial to defendant's

rights, circumvented the rule in *Curtis v. State*, supra, and should not have been permitted.

The Supreme Court found in *Burlison* that there were other errors and the judgment was actually reversed on another ground. As *Burlison* indicates, the *Wilkerson* dictum has been ignored by the Supreme Court.

In this case the proof revealed that the appellant moved into the victim's home in June. About the middle of August, her father noticed that his daughter preferred to spend the night at the home of an aunt and seemed reluctant to spend the night at her own home. He learned from the police that she had made a complaint against the appellant. As a result of this, he questioned his daughter and she told him that the appellant had raped her. Although she could not give the specific date of the rape, it is clear that it occurred sometime between June and mid-August, when he queried her about the matter.

With the record in the state that it is, we cannot determine how soon after the rape that the statement was made by the victim to her father. The trial judge erred by admitting this statement. It was neither a corroborating "fresh complaint" nor a substantive "excited utterance."

■ Thus, it would seem that this error would require a reversal and a remand for a new trial. However, the other fresh complaint to the minister was not challenged and the appellant's outburst at the time of his arrest clearly showed his guilt. Therefore, while the admission of the statement was error, it was harmless, Rule 52(a), Tenn.R.Crim.P. It cannot be said, considering the whole record, that the error more probably than not affected the judgment or resulted in prejudice to the judicial process. Rule 36(b), T.R.A.P. This issue has no merit.

■ In another issue the appellant contends that the trial judge erred by not allowing him to explore the circumstances of previous, allegedly unfounded, allegations of sexual abuse made by the victim.

At the beginning of the trial, defense counsel made a tender of proof through a

social worker from the Department of Human Services to the effect that, during the investigation of this case, the victim made another allegation of a sexual assault upon her by another uncle. However, the department had not investigated this complaint because it was vague, because the victim's mother thought that complaint was untrue, and apparently because they were busy working on this case.

The trial judge refused to admit this evidence because it was irrelevant. The allegation had not been investigated and there was no proof concerning the truthfulness of the other allegation. In the absence of proof that she falsified the other allegation, the fact that she accused another person of committing another sexual offense against her is immaterial. It is entirely possible that the child was abused by more than one person, and this would in no way reflect adversely upon her credibility.

The trial judge did not abuse his discretion in excluding evidence of the other allegation of sexual abuse. The defense was allowed to show that the victim may have been confused about whether it was the appellant or the other uncle that penetrated her. Having heard that proof, the jury chose to believe it was the appellant. This issue is without merit.

■ In the final issue the appellant contends that the trial judge erred by sentencing him as a Range I, "standard offender." He contends that he should have been sentenced as "an especially mitigated offender," pursuant to TCA § 40–35–108.

The trial judge found that two mitigating factors were present. First, he found that the appellant was not motiviated by a "sustained intent to violate the law." TCA § 40–35–110(12). He also found that the appellant had no prior criminal record. TCA § 40–35–110(13) (the catchall provision). The trial judge found the presence of one enhancement factor, i.e., that the offense was committed against a victim "to gratify the defendant's desire for pleasure or excitement." TCA § 40–35–111(7).

The appellant contends that the trial judge should also have found as a mitigating factor that his conduct "neither caused nor threatened serious bodily injury," TCA § 40–35–110(1). He bases this allegation upon the statement of the physician who testified that the victim did not suffer any physical trauma from the rape. In fact, the penetration was so slight that her hymenal ring was still intact.

Since sentencing issues have been raised in this appeal, we have conducted the *de novo* review on the record mandated by § 31 of the Tennessee Comprehensive Correction Improvement Act of 1985, Chap. 5, Public Acts of 1985, First Extraordinary Session, now codified at TCA § 40–35–402(d). In so doing, we have indulged in no presumption that the sentencing decisions of the trial judge were proper.

Having reviewed the sentence in that fashion, we conclude that the sentence of twenty years as a Range I, standard offender, was entirely appropriate. There is no mechanical formula that either the trial court or this Court must follow in determining an appropriate sentence. Rather, a case by case approach is required. *State v. Moss*, 727 S.W.2d 229, —— (Tenn.1986), (opinion filed at Knoxville, October 20, 1986, designated for publication.)

Having conducted the required review, we conclude that the sentence of twenty years as a Range I, standard offender, was entirely appropriate for this appellant for this offense. In order to qualify for "especially mitigated offender" status, the court must find "extreme mitigating factors *in the commission of the offense*" and "a minimum of enhancement factors." TCA § 40–35–108(b)(3). While there was only one enhancement factor, it related directly to the offense. Like the trial court, we discern no extreme mitigating factors at all "in the commission of the offense." This issue has no merit.

Finding no merit to any of the issues, the judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.