**STATE of Tennessee, Appellee,**

v.

**James T. LEWIS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, At Nashville.

Oct. 4, 1990.

---

David A. Collins, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Linda Ann Hammond, Asst. Atty. Gen., Mark S. Beveridge, Asst. Dist. Atty. Gen., Nashville, for the State of Tenn.

## OPINION

WADE, Judge.

The defendant, James T. Lewis, Jr., appeals from convictions for rape and kidnapping. A Range I standard offender, the defendant received concurrent sentences of seven and two years, respectively.

In addition to his challenge to the sufficiency of the evidence, the defendant presents the following issues:

(1) whether the trial court improperly denied the defendant's effort to cross-examine the victim relative to the criminal charges she had placed against the defendant; and

(2) whether the trial court erred by permitting fresh complaint testimony.

We find no error and affirm the judgment of the trial court.

■ The victim and defendant broke off their relationship in August of 1988. About a month later, the defendant called the victim and asked if he could give her a ride to work. Although she initially declined, the victim was eventually persuaded to accept the defendant's offer. When she got into the car, the defendant said he "wanted some." The victim refused explaining that she would be late for work.

When the defendant did not drive the victim directly to her job, she tried to get out of the car. The defendant struck her. When the victim again tried to get out of the car, the defendant displayed a butcher knife and threatened to kill her.

The defendant drove to a wooded area, ordered the victim to remove her clothing, and demanded that she perform fellatio. After she complied, the defendant placed the victim in the back seat of his car and raped her. The defendant then ordered the victim to stop crying and said that he would "get [her]" if she told anyone about the rape.

The defendant drove the victim to his sister's house where he lived in an upstairs bedroom. While there, the victim asked the defendant why he had committed the crime. He did not provide an explanation.

The victim called her employer to say that she was not coming to work.

After the defendant drove the victim back to her apartment, she told her roommate of the incident. At trial, the victim explained that she was afraid to call the police on the date of the crime. She reported the incident on the following Monday at the urging of another friend. On the same date, she went to a doctor for treatment of a black eye and broken nose she had received during the rape; she also told her employer of the circumstances.

The victim's roommate confirmed that on the day of the rape, she had found the victim, fully dressed under the covers of her bed. She observed the victim's wounds and heard the details of the assault.

The defendant's sister testified that she overheard a conversation between the defendant and victim sometime after the rape. She stated that the victim had expressed a willingness to drop the criminal charges if the defendant paid her medical bills. She also testified to other, friendly telephone calls between the defendant and the victim which took place after the assault.

The defendant testified that the victim had asked for the ride to work. He contended that the victim had consented to the sexual acts. He also stated that the victim had asked him to hit her so that she would have an excuse for not going to work. The defendant denied that he was in possession of a weapon.

The jury verdict accredited the victim's testimony. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which can be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978).

In our view, a rational trier of fact could have found the required elements of both kidnapping and rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e), Tenn.R.App.P. The state made its case and the defendant vigorously attacked the credibility of the victim. The jury was well within its prerogative in finding in favor of the state. The evidence was sufficient as to each conviction.

**I**

■ The defendant complains that he should have been allowed to cross-examine the victim about a separate charge of malicious mischief she had placed against the defendant. The criminal warrant was pending at the time the victim testified in this trial.

In a jury-out hearing, the victim stated that she had charged the defendant with putting sugar in her car's gas tank. The defendant elicited the testimony in an effort to establish the victim's bias against him. Yet the defendant objected to any attempt by the state to prove the underlying facts supporting the charge.

The trial court ruled that the defendant could ask the victim if she had bias or hostility toward the defendant. The trial judge reasoned that if the defendant was permitted to ask the victim about the specific charge, the state would be then entitled to establish its factual basis as a means of rebutting any inference of the victim's bias.

The scope of cross-examination is largely within the discretion of the trial court; that discretion will not be disturbed absent abuse. *Coffee v. State*, 188 Tenn. 1, 4, 216 S.W.2d 702, 703 (1948). We find no fault with the ruling of the trial court in this instance. The defendant was given the opportunity to ask the victim about her bias or hostility toward the defendant. Had the other criminal charge been presented to the jury, the state would have been permitted to show a lack of bias.

*Creeping Bear v. State*, 113 Tenn. 322, 87 S.W. 653 (1904), is still the lead case in this state on the issue of witness bias; the court held that it "is always competent to prove the friendliness or the unfriendliness of a witness, his partiality for one party or hostility to the other" on the issue of credibility. *Id.* at 325, 87 S.W. at 653.

While this case would at first blush appear to support the defendant's contention that he should have been permitted to

question the victim about the other charge, it does not. Here, the defendant wanted "the best of both worlds": to gain an admission that the victim placed the other charges yet preclude any attempt by the state to explain the reasons for the action. *Creeping Bear* holds that "[t]he witness may explain his expressions away as not due to real prejudice." *Id.* at 327, 87 S.W. at 654. The defendant could not have it both ways.

Further, if error had been committed by the trial court in this instance, it was harmless in the context of the entire trial. Tenn.R.App.P. 36(b). We think the excluded evidence, taken as a whole, would have done more harm than good to the defendant's position.

There was no prejudicial error.

## II

■ The defendant contends that the trial court should not have permitted the victim's employer to testify to the victim's complaint of rape after a three-day delay. The state submits that the evidence is admissible hearsay.

Perhaps the earliest case in this state to recognize the doctrine of fresh complaint was *Phillips v. State*, 28 Tenn. 246 (1848). In *Phillips*, the victim's husband was permitted to testify to his wife's report of a rape approximately 48 hours after the offense. The content of the complaint, including its particulars, was deemed admissible for the purpose of corroboration, "conformatory of her credibility." *Id.* at 247.

The *Phillips* court quoted from The English Common Law Reports:

> In ordinary cases of rape, where a witness describes the outrage, ... evidence of her complaint, [made] soon after the

outrage, is properly admissible to show her credit and the accuracy of her recollection.

*Id.* at 250 (citation omitted).

The *Phillips* court also cited with approval cases rejecting such testimony when the evidence was offered for its substantive value. *Id.*

Unfortunately, our courts too often refer to this evidentiary doctrine as the "fresh complaint exception to the hearsay rule." [1] This is, of course, a misnomer. The evidence is not offered "to show the truth of the matters asserted." *McCormick on Evidence*, § 225 at 460 (3rd Ed.1984). It is permitted only as corroboration of the declarant's testimony, a comment upon the victim's credibility.

The fresh complaint is more likely one of two exceptions to the rule which prohibits the bolstering of a witness in the absence of an attack. D. Paine, *Tennessee Law of Evidence*, § 220 (1974); *Dietzel v. State*, 132 Tenn. 47, 71–73, 177 S.W. 47, 53 (1915). In this state, the prosecution may prove details [2] of the fresh complaint as a legitimate means of bolstering the victim's testimony in a sex-related offense. *State v. Sanders*, 691 S.W.2d 566 (Tenn.Crim.App. 1984). [3]

■ In *Sumerall v. State*, 580 S.W.2d 794 (Tenn.Crim.App.1978), this court approved the following jury instruction:

> [E]vidence of complaint or lack thereof in a case of rape may be considered by the jury in weighing the truth or falsity of the victim's testimony.

*Citing Conboy v. State*, 2 Tenn.Crim.App. 535, 455 S.W.2d 605 (1970). This is an accurate statement of the law. The important fact is that the fresh complaint is not original evidence; the jury should be clearly advised of "the limited purpose of admis-

---

1. For example, in *Conboy v. State*, 2 Tenn.Crim. App. 535, 455 S.W.2d 605, 609 (1970); *State v. Myers*, 764 S.W.2d 214 (Tenn.Cr.App.1988); *Pennington v. State*, 573 S.W.2d 755 (Tenn.Crim. App.1978); a number of unreported decisions of this court continue to make reference to the fresh complaint as an exception to the rule against hearsay; none, however, permit the declaration as substantive evidence.

2. *State v. Williams*, 598 S.W.2d 830 (Tenn.Crim. App.1980), indicates that the *details* of the complaint cannot be proved when the victim does not testify.

3. The second exception is any pre-trial identification made by a witness who is able to identify the accused at trial. D. Paine, *Tennessee Law of Evidence*, § 220 (1974).

sibility." D. Raybin, *Criminal Practice & Procedure*, § 27.307, at 545 (1985).[4] The charge could be improved by underscoring the fact that its *only* use is the corroboration of the victim's credibility.

In *Johnson v. State*, 201 Tenn. 11, 296 S.W.2d 832 (1956), our Supreme Court upheld the admissibility of the details of the victim's complaint when made within a "reasonable time." Because the victim, in that instance, complained within an hour of the offense, the evidence was admitted as "fresh." Previously, the court had held that the complaint is admissible after the passage of a significant time interval only when "accounted for by threats, or other circumstances excusing the delay." *Curtis v. State*, 167 Tenn. 427, 70 S.W.2d 363 (1932).[5] In *Curtis* II,[6] the court held that the report must be made "within such time after the occurrence that [the statements] may reasonably be held to negative in some degree the alternative theory of fabrication." 167 Tenn. at 437, 70 S.W.2d at 366. A generalized fear of the accused (her father) was held an insufficient excuse. The statements in *Curtis* II, when made to older sisters 10 months after the offense without any accompanying explanation for the delay, were deemed inadmissible.

■ This court must consider the reasonableness of the delay in the complaint in view of all the circumstances, including the reasons for the delay and the age and mental capacity of the victim. *State v. Myers*, 764 S.W.2d 214 (Tenn.Crim.App. 1988); *Sanders*, 691 S.W.2d 566. We think the rule of *Curtis* I is applicable here. A delay is acceptable if it can be reasonably explained. The nature and strength of the threats made by the defendant towards the victim justify the three-day delay. In this instance, the defendant not only threatened to kill his victim but he also demonstrated this capability for carrying out the threat by blackening her eye and breaking her nose. The evidence was properly admitted.

■ We compliment the trial court for instructing the jury, contemporaneously with the introduction of the fresh complaint, that the purpose of the evidence is limited to corroboration of the victim's testimony. We think this is proper procedure. *See State v. John Farmer*, No. 88–282–III, 1989 WL 137899 (Tenn.Crim.App., Nashville, November 17, 1989). To so charge the jury at the time the fresh complaint is admitted as well as at the conclusion of the trial properly emphasizes the difference between corroborative and substantive evidence.

The judgment of the trial court is affirmed.

REID, J., and WILLIAM S. RUSSELL, Special Judge, concur.

---

4. The instruction provided by the trial court was not an issue. Trial courts should consider a charge which clearly limits the purpose of the evidence to the credibility of the victim's testimony.

5. Commonly referred to as *Curtis* I.

6. The appeal after the reversal and remand in *Curtis* I; *State v. Curtis*, 167 Tenn. 430, 70 S.W.2d 364 (1934).