# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION



**FILED**

**June 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9706-CR-00221 |
| Appellee, | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER, |
| RAYMOND W. HOUSTON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Driving While Under the Influence |
| | ) | and Failure to Yield) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**WILLIAM H. BELL**                  **JOHN KNOX WALKUP**
114 South Main St.                Attorney General & Reporter
Greeneville, TN 37743

                                  **JANIS L. TURNER**
                                  Counsel for the State
                                  425 Fifth Ave., North
                                  Cordell Hull Bldg., Second Fl.
                                  Nashville, TN  37243-0493


                                  **C. BERKELEY BELL**
                                  District Attorney General


                                  **CECIL C. MILLS, JR.**
                                  Asst. District Attorney General
                                  P.O. Box 1876
                                  Greeneville, TN 37744


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was convicted of driving while under the influence, second offense, and of failure to yield. The trial court sentenced him to eleven months, twenty-nine days with a seventy-five percent release eligibility for the driving while under the influence and thirty days for the failure to yield. In this appeal as of right, the defendant argues that the evidence was insufficient to support his convictions and that his sentence is excessive. He also challenges rulings made by the trial court with regard to witness testimony. After a review of the record and applicable law, we find no merit to the defendant's arguments and, therefore, affirm the judgment of the court below.

On December 5, 1995, the defendant was involved in a two car accident in Greene County. Kevin Fincher, the driver of the second car, testified that he had been driving toward Johnson City on Highway 11 East between the hours of six and seven in the evening. The road is a four-laned highway with the two sides being separated by a grassy median with paved cut-throughs. Fincher was traveling in the inner lane when he saw the defendant's truck cross the median and pull onto the highway without stopping to check for oncoming traffic. Fincher testified that he heard a crash and then his car started to spin. When the car stopped, Fincher checked on the well-being of his mother and grandmother who were riding in the car with him. He testified that both women's injuries had not appeared life threatening so he left the car to check on the defendant. Ultimately, the women spent about three days in the hospital.

Fincher testified that as he had reached the defendant's truck, the defendant had shouted in a slurred speech, "Get me out." Fincher further stated that he had smelled beer and that the defendant and the car had "reeked of it."

2

Jakie Christy, a patrol officer with Greene County Sheriff's Department, testified that he had been the first officer to arrive at the accident. He said he had seen six or seven beer cans in the floorboard of the defendant's car. He also observed an open beer can between the defendant's legs. Ivan Williamson, a trooper with the Tennessee Highway Patrol, testified that he too had seen beer cans in the defendant's car. He said he had not asked the defendant to perform any field sobriety tests because the defendant appeared to have been injured in the accident and was being transported to a nearby hospital. Williamson testified that he had gone to the hospital and had asked the defendant to consent to a blood alcohol test but that the defendant refused. In fact, the defendant refused to have any blood withdrawn for any reason. The defendant was released from the hospital and was arrested eight days later.

Jeff Craft, a patrolman with the Greeneville Police, was at the hospital when the defendant arrived. Craft testified that the defendant had bloodshot eyes and had an odor of alcohol. He also testified that the defendant had said he had one beer and had just opened the second when the accident occurred. The defendant also told Craft that he had been at the dentist's office earlier that day and was afraid the blood alcohol test might be affected by the nitrous oxide he had received at the dentist. On cross-examination, Craft stated that the defendant's eyes appeared to be bloodshot on that day in court as well.

The defendant called John Tyree, a member of the emergency medical personnel team, to testify about the accident. Tyree testified that the defendant had not exhibited the classic signs of intoxication when he examined him at the scene of the accident. He further testified that the defendant was "semi-oriented" and appeared to be

3

suffering from "impact syndrome." Tyree stated that he had not seen or smelled any beer but that his only priority had been getting the defendant out of the truck. He also testified that he had had no training to determine whether a person is intoxicated.

Allyson Carpenter, a private investigator hired by the defendant, testified that she had taken pictures of the highway where the accident occurred. These photos were taken approximately ten months after the accident. In the photos is a caution sign warning motorists to slow down to 35 mph because of an upcoming intersection. The defendant called no other witnesses but did introduce his dentist bill and his hospital report as exhibits.

The defendant now argues that the verdict is not supported by sufficient evidence. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well

4

as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The defendant challenges the sufficiency of the evidence relating to both his convictions. As to his conviction for driving while under the influence, he points to the lack of a field sobriety test, the lack of a video of the accident scene, and the fact that he was not arrested at the scene of the accident as support for his argument. He argues that Trooper Williamson stated at an earlier hearing that the defendant "wasn't what you say intoxicated." At trial, however, Trooper Williamson explained that because the defendant had been somewhat injured by the accident, he could not determine how intoxicated the defendant had been. He further testified that he had determined that the defendant had been operating his car while under the influence of an intoxicant based "on the accident and based on the investigation on the details and based on [the defendant's] acknowledgment he had consumed alcohol and based on evidence . . . found at the scene." Testimony was presented that the defendant had smelled of alcohol, that empty and full beers were found in his car, and that the defendant had an open can of beer between his legs.

We find this evidence to be entirely sufficient to support the defendant's

conviction for driving while under the influence. We also note that the defendant's refusal to take the blood alcohol test is probative on the issue of guilt. State v. Morgan, 692 S.W.2d 428, 430 (Tenn. Crim. App. 1985). Therefore, we find no merit to the defendant's sufficiency challenge of this conviction.

Likewise, we find the evidence sufficient to convict the defendant of failure to yield. The defendant clearly failed to yield the right-of-way to the traffic already flowing on the highway. He pulled directly into the path of oncoming traffic causing his car to strike another. This issue is also lacking in merit.

The defendant next argues that the trial court erred when it refused to allow defense counsel to question Jamie Fincher, mother of Kevin Fincher, about the speed limit at a particular place on the highway. The defendant was seeking to show that Kevin Fincher had been speeding prior to the accident. First, evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Second, the scope of cross-examination is largely within the trial court's discretion and that discretion will not be disturbed absent a finding of abuse. State v. Lewis, 803 S.W.2d 260, 262 (Tenn. Crim. App. 1990). Thus, we have no trouble concluding that the trial court did not err when it refused to allow defense counsel to engage in the questioning outlined above. The questioning had no tendency to make any fact of consequence to the defendant's case more or less probable. It was completely irrelevant to the proceeding and, therefore, we find no abuse of discretion on behalf of the trial court. Whether or not Kevin Fincher, the victim, had been speeding is irrelevant to determining whether the defendant was driving while under the influence. This issue is without merit.

6

The defendant next argues that Kevin Fincher "apparently lied a number of times under oath." He complains that Fincher was not truthful when he said he did not have a financial interest in the outcome of the defendant's case. To support his argument, the defendant points to two letters, attached as exhibits to his brief, that concern Fincher's insurance coverage. These letters in no way bring Fincher's credibility into question. The jury heard and saw Fincher and believed his testimony. Such a determination is solely within the province of the jury. State v. Bigbee, 885 S.W.2d 797, 804 (Tenn. 1994). We further point out that the defendant failed to litigate this issue at trial. He made no effort to introduce these letters at trial, rather, he just attached them to his appellate brief. Because this issue was not considered at trial, it cannot be properly considered on appeal. See State v. Lunati, 665 S.W.2d 739, 749 (Tenn. Crim. App. 1983).

As the defendant's final issue, he contends that his sentence is excessive. He argues that the trial court erred when it considered his criminal convictions dating back twenty-five years. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Tennessee Code Annotated § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant

7

who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b).

The defendant complains that the trial court erred when it sentenced him to serve his sentence at seventy-five percent. Generally, sentencing for misdemeanors ranges between zero and seventy-five percent. T.C.A. § 40-35-302(d). In order to determine what percentage a DUI offender should receive, the court must consider enhancement and mitigating factors as well as legislative purposes and principles related to sentencing. State v. Dockery, 917 S.W.2d 258, 261 (Tenn. Crim. App. 1995). We also note that in misdemeanor sentencing, unlike felony, the defendant is not entitled to the presumptive minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In sentencing the defendant to seventy-five percent, the trial court relied on

three enhancement factors from T.C.A. § 40-35-114.[1] As the first factor, the court relied on the defendant's history of criminal behavior and convictions. T.C.A. § 40-35-114(1). The defendant argues that the trial court relied on convictions more than twenty years old as well as criminal cases in which there was no formal disposition. From our review of the record, the defendant did have a lengthy criminal history. As the trial judge noted, "[Q]uite frankly, if there had been some old convictions that hadn't been linked up until the present time by similar offenses I would pretty much agree with [the defendant] that they wouldn't be of a great deal weight, but when there's pretty much a chain that links all the way back from '71 to the present date of similar offenses it makes a big difference. It does make it all highly relevant for consideration in sentencing." The record certainly supports the trial judge's conclusions. We find no error in the application of enhancement factor number one.

The trial court also applied enhancement factor eight, that the defendant had a previous history of unwillingness to comply with the requirements of a sentence involving release in the community. This factor was applied because the trial court found that during times when the defendant was serving a suspended sentence, he was convicted on other charges. Again, we find no error in the application of this factor.

The last factor applied by the trial court was factor sixteen, that the crime was committed under circumstances in which the potential for bodily injury to a victim was great. The defendant argues this factor should not have been applied because it was not shown that he was driving in an "extremely reckless" manner. In general, factor sixteen may be used as an enhancement factor in DUI cases. See Dockery, 917 S.W.2d at 263.

---

[1]The trial court originally announced it would also apply enhancement factor six, that the personal injuries inflicted upon or the amount of damage to property sustained by the victim was particularly great. T.C.A. § 40-35-114(6). However, on reconsideration, the trial court determined that that factor should not be applied. Therefore, we see no reason to discuss the defendant's argument that factor six was erroneously applied.

In this case, the defendant drove his car across a highway median and into the path of oncoming traffic. He was under the influence at the time and had been drinking in his car immediately prior to the accident. These circumstances certainly created a situation where the potential for bodily harm was great. See State v. Joseph L. Fletcher, No. 03C01-9606-CC-00229, Greene County (Tenn. Crim. App. filed July 9, 1997, at Knoxville)(applying factor sixteen to intoxicated defendant who rear-ended a vehicle at a stop light); State v. Kenneth L. Warren, No. 01CO1-9605-CC-00218, Williamson County (Tenn. Crim. App. filed May 21, 1997, at Nashville)(applying factor sixteen to intoxicated defendant driving on busy highway).

Based on the above enhancement factors, the trial court determined that the defendant's release eligibility should be set at seventy-five percent. He denied any probation because "of the prior record, the prior violation, the history of alcohol abuse, the history of drug abuse, the deterrence consideration, the particular circumstances of this offense, involving reckless driving, open beer in the car, personal injuries and property damage."

Our review of the record entirely supports the sentence ordered by the trial court. We find a seventy-five percent release eligibility date appropriate, and thus find no merit to the defendant's argument that the sentence is excessive.

For the foregoing reasons, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

10

_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge