# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1999 SESSION

FILED

April 30, 1999

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,    )
                      )   NO. 01C01-9804-CR-00192
     Appellee,      )
                      )   SUMNER COUNTY
VS.                   )
                      )   HON. JANE WHEATCRAFT,
MICHAEL D. KEEN,     )   JUDGE
                      )
     Appellant.     )   (Incest)

**FOR THE APPELLANT:**

**DAVID A. DOYLE**
District Public Defender
117 East Main Street
Gallatin, TN   37066-2801
(On appeal)

**JOHN D. PELLEGRIN**
113 West Main Street
Gallatin, TN   37066-3231
(At trial)

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**LAWRENCE RAY WHITLEY**
District Attorney General

**SALLIE W. BROWN**
Assistant District Attorney General
113 West Main Street
Suite 300
Gallatin, TN   37066-2803

OPINION FILED: _____

**AFFIRMED IN PART; REVERSED
AND REMANDED IN PART**

**JOE G. RILEY,
JUDGE**

**OPINION**

A Sumner County jury convicted defendant, Michael D. Keen, of two counts of incest, Class C felonies. The trial court sentenced him as a Range I standard offender to six years incarceration for each conviction, consecutive. On this appeal as of right, defendant raises the following issues:

> 1. whether the trial court erred in allowing testimony about other sex crimes allegedly committed by him;
>
> 2. whether the trial court erred in allowing fresh complaint testimony;
>
> 3. whether the trial court erred in allowing his psychiatrist and psychiatric social worker to testify about certain matters;
>
> 4. whether his trial counsel was ineffective; and
>
> 5. whether his sentence is excessive.

Upon our review of the record, we REVERSE AND REMAND for retrial one of defendant's convictions, and AFFIRM the other conviction and sentence.

**FACTS**

The victim in this case is defendant's stepdaughter, H.K.[1] She testified that she initially consented to have sex with defendant during the spring of 1994 when she was fourteen years old. She claimed that they had intercourse "[p]robably anywhere from 10 to 15" times. She did not specify when the encounters occurred. She testified that she also performed oral sex on defendant, but again did not specify when these incidents occurred. H.K. also testified that, after she had sex with defendant, he would give her and her siblings liquor and marijuana. Her description on direct examination about the last time she and defendant had sex was the following:

---

[1] This Court's policy is to identify minor victims of sex crimes by their initials.

2

Q: Do you remember approximately when was the last time you and Mr. Keen had sex?

A: It was probably a month and a half before I told, which was April 23rd of [1996].

Q: So sometime during March of that year?

A: Yes.

H.K. initially reported her allegations to her mother, Marilyn Wood, in April 1996. Wood took her children out of the house and when she returned, defendant was gone. Wood testified that defendant called her the next day, "crying, telling me he was a sick man, that he wanted me to stick by him and help him get help." She further testified that defendant admitted to her in May 1996 that he "had sex with [H.K.] for over a year."

On May 5, 1996, defendant was admitted into a hospital. Calvily Evonne Allmon, the psychiatric social worker who interviewed him upon his admission, testified that, "[a]ccording to [her] notes [defendant] admitted to sexual abuse with his stepdaughter." Dr. Robert A. Jack, the psychiatrist who treated defendant at the hospital, testified that part of the May 13, 1996, discharge plan was that he attend treatment at a sexual perpetrators program.

H.K.'s allegations were not reported to the police until July 31, 1996, when she told Detective Susan Morrow, "that her stepfather was having sexual intercourse with her and she was performing oral sex on him." Morrow also testified that H.K. had reported defendant giving her alcohol and marijuana after their sexual encounters.

Defendant testified and admitted giving H.K. alcohol and marijuana. He also admitted talking with H.K. about having sexual relations with her. He denied, however, that he ever had sex with her. He further denied having told Allmon or Dr. Jack that he had sexual relations with her. He testified that Wood told him she wanted a divorce and that if he "messed this up for her . . . [she] will say that [he] raped [her] daughter."

3

## ELECTION OF OFFENSES

Although not raised by defendant on this appeal, it is our responsibility to reverse his conviction for incest under Count One of the indictment because the state failed to properly elect an offense, thereby violating defendant's right to jury unanimity. *See* State v. Walton, 958 S.W.2d 724, 727-28 (Tenn. 1997). The state's omission constitutes plain error. *Id.*; *see* Tenn. R. Crim. P. 52(b).

Count One of the indictment provides as follows: "[Defendant] heretofore on or about the Spring of 1994, . . . did unlawfully, knowingly and feloniously engage in sexual penetration with [H.K.], a person he knew to be his step-daughter." The indictment thus covers a period of several months and further covers all acts of sexual penetration, which include both sexual intercourse and oral sex. *See* Tenn. Code Ann. § 39-13-501(7). H.K. testified that she began having sex with defendant in the spring of 1994, that they had intercourse ten to fifteen times, and that they also engaged in oral sex. No specific time frame was established for these multiple sex acts.

During closing argument the prosecutor contended, "[t]his happened to her . . . over a period of . . . two years, ending in March of 1996." The prosecutor further stated to the jury, "it's been proven to you, beyond a reasonable doubt, that this man, Michael D. Keen, had sexual intercourse with his stepdaughter [H.K.], on, <u>at least</u>, two occasions, as in the indictment, beginning in the spring of 1994 and ending in March of 1996" (emphasis added).

The evidence in this case suggests that defendant committed multiple sexual offenses against H.K. during the time period covered in Count One of the indictment. Accordingly, the trial court should have required the state to elect the particular offense for which it was seeking a conviction in order to ensure that the jury's verdict was unanimous. *See* Walton, 958 S.W.2d at 727. "This requirement is 'fundamental, immediately touching the constitutional rights of an accused.'" *Id.* (quoting Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973)).

4

With respect to Count One, it appears that the state was attempting to convict defendant for the first time he had sex with H.K. However, the proof was not so limited. Rather, it included testimony about multiple sex acts, of two different types, with no specificity as to events. Thus, because the state was not required to elect a specific offense for which it was seeking conviction, there is no assurance that each juror relied upon the same evidence in convicting defendant. Accordingly, defendant's conviction of incest under Count One of the indictment must be reversed and remanded for a new trial.

Defendant's conviction under Count Two of the indictment does not suffer from the same problem. That count provides: "[Defendant] heretofore on or about March, 1996 . . . did unlawfully, knowingly and feloniously engage in sexual penetration with [H.K.], a person he knew to be his step-daughter." The proof specific to this count was H.K.'s testimony that the last time she had sex with defendant was in March 1996. Thus, the jury did not have the same "brimming bag of offenses," Tidwell v. State, 922 S.W.2d 497, 501 (Tenn. 1996), from which to choose in deciding to convict defendant of this offense.

## EVIDENTIARY ISSUES

### A. Other Crimes

Defendant asserts that the trial court should not have allowed proof about sex crimes other than those for which he was indicted. The state responds that this issue is waived because trial counsel did not contemporaneously object. The state is correct in this regard. *See* Tenn. R. App. P. 36(a).

Furthermore, we find this issue to be without merit. Defendant is correct that there is no "sex crimes" exception to the general rule prohibiting proof of an accused's other crimes. *See* State v. Rickman, 876 S.W.2d 824, 829 (Tenn. 1994);

5

Tenn. R. Evid. 404(b). However, proof of other sex crimes is admissible if they occurred during the time period covered by the indictment.[2] *Id.* As set forth above, the state elicited testimony from H.K. about multiple sex acts which were implied as occurring during the several month period covered by Count One of the indictment.

Had the state elicited proof of sex acts occurring after the Spring of 1994 and before the final episode, its admission might have been error. *Id.* The proof in this case was not so specific. However, to the extent that the proof can be so construed, we find its admission to have been harmless error with respect to defendant's conviction under Count Two. *See* State v. Dutton, 896 S.W.2d 114, 117 (Tenn. 1995). H.K.'s testimony about her last sexual encounter with defendant and her subsequent decision to tell her mother about what had been happening was clear and unequivocal. It was corroborated by her mother's testimony. Defendant admitted enough of H.K.'s allegations to justify the jury in concluding that H.K.'s testimony was credible on the whole. Accordingly, any proof of sex acts that did not fall within the indicted period did not "more probably than not" affect the judgment of conviction on Count Two, and defendant is not entitled to reversal of his second conviction on this ground. *Id.*; Tenn. R. App. P. 36(b).


### B. Hearsay

Defendant next complains about the trial court's admission of "fresh complaint" testimony. Specifically, defendant contends that Detective Morrow should not have been allowed to testify about what H.K. told her.

Morrow was the state's first witness in its case-in-chief. She testified, *inter alia*, that H.K. alleged "that her stepfather was having sexual intercourse with her and she was performing oral sex on him;" that defendant was H.K.'s uncle because he was her father's half or full brother; and that defendant would buy H.K. alcohol and marijuana after having sex with him.

---

[2]However, when such evidence is admitted, the state must elect the specific offense for which it seeks conviction. Shelton, 851 S.W.2d at 137.

6

In State v. Kendricks, 891 S.W.2d 597, 606 (Tenn. 1994), the Court overruled the longstanding rule announced in Phillips v. State, 28 Tenn. (1 Hum.) 246 (1848), which allowed both the fact and the details of a fresh complaint to be admitted during the state's case-in-chief. In Kendricks, the Court held that, in cases involving adult victims of sexual crimes, under the fresh complaint doctrine, "the fact that a complaint was made is admissible in the state's case-in-chief to rebut the possible negative inference created by the victim's silence." Kendricks, 891 S.W.2d at 606. "Once the credibility of the victim has been attacked, the details of the complaint are admissible to show that the victim related the same story soon after the incident." *Id.* This testimony is admissible only as corroborative evidence, not as substantive evidence. Kendricks, 891 S.W.2d at 606.

The complaint must be timely, but need not be contemporaneous with the event. Kendricks, 891 S.W.2d at 606. This court must consider the reasonableness of the delay in the complaint in light of all the circumstances, including the reasons for the delay and the age and mental capacity of the victim. *Id.*; State v. Lewis, 803 S.W.2d 260, 264 (Tenn Crim. App. 1990).

The Kendricks holding is limited to adult victims. Kendricks, 891 S.W.2d at 606. Fresh complaint evidence is not admissible in cases with a child victim. State v. Livingston, 907 S.W.2d 392, 394-95 (Tenn. 1995).

In the context of sex crimes, a "child" is defined as under thirteen years old. *See* Tenn. Code Ann. §§ 39-13-504(a)(4) and 39-13-522(a). H.K. testified that her date of birth is February 11, 1980. The indictment covers the time period "Spring of 1994" and "March, 1996." Therefore, H.K. was fourteen years old in the spring of 1994, an "adult" for purposes of determining the admissibility of fresh complaint testimony. *See* State v. Schuller, 975 S.W.2d 313, 321 (Tenn. Crim. App. 1997). However, she did not make her statement to Morrow until July 31, 1996. This was at least four months after the last alleged incident took place, more than three months after H.K. told her mother. Under the circumstances of this case, we hold that H.K.'s report to Morrow was not sufficiently timely to qualify as fresh complaint. Accordingly, the trial court erred in admitting this evidence. However, given H.K.'s

7

testimony and the remaining proof in the record, we also hold that the error was harmless. *See* State v. Speck, 944 S.W.2d 598, 602 (Tenn. 1997); Tenn. R. App. P. 36(b). Therefore, this issue is without merit.

## C. Psychiatric Privilege

In his next issue, defendant contends the trial court committed plain error in admitting Dr. Jack's and Allmon's testimony about what he told them while at the hospital. Defendant is correct that patient-psychiatrist communications are privileged. *See* Tenn. Code Ann. § 24-1-207.[3] However, he concedes that this issue is waived because he did not raise this issue in his motion for new trial. *See* Tenn. R. App. P. 3(e). Hence, his reliance is on "plain error."

An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. Tenn. R. Crim. P. 52(b). "Plain error" or "fundamental error" is recognized under Tenn. R. Crim. P. 52(b). State v. Stephenson, 878 S.W.2d 530, 553-54 (Tenn. 1994); State v. Adkisson, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). Plain error is an egregious error that strikes at the "fairness, integrity or public reputation of judicial proceedings." United States v. Rodriguez, 882 F.2d 1059, 1064 (6th Cir. 1989); State v. Adkisson, 899 S.W.2d at 639-40. Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. Delaware v. Van Arsdall, 475 U.S. 673 (1986).

In determining whether the admission of Dr. Jack's and Allmon's testimony constitutes plain error, we must consider whether each of the following requirements is met:

> 1.   the record clearly establishes what happened in the trial court;

---

[3]"Communications between a patient and a licensed physician when practicing as a psychiatrist in the course of and in connection with a therapeutic counseling relationship . . . are privileged in proceedings before judicial . . . tribunals. Neither the psychiatrist nor any member of the staff may testify or be compelled to testify as to such communications or otherwise reveal them in such proceedings without consent of the patient except" under very limited circumstances.

8

2. a clear and unequivocal rule of law was breached;

3. a substantial right of defendant's was adversely affected;

4. defendant did not waive the issue for tactical reasons; and

5. consideration of the error is 'necessary to do substantial justice.'

Adkisson, 899 S.W.2d at 641-42 (citations omitted).

In this case, the record clearly establishes the admission of the privileged communications. Moreover, a clear and unequivocal rule of law -- the patient-psychiatrist privilege -- was breached.[4] The state concedes that the issue was not waived for tactical reasons. Thus, we must determine whether the error adversely affected one of defendant's substantial rights and, if so, whether consideration of the error is necessary to do substantial justice.

Dr. Jack's testimony included the following privileged communications:

1. defendant reported that "he had propositioned one of his stepdaughters, and she had reported this to her mother;" and

2. part of defendant's discharge plan was that he attend a sexual perpetrators program.

Allmon's testimony included the following privileged communications:

1. defendant reported "that his wife took the children, two stepdaughters, ages 15 and 16, and their son, and left . . . . This followed the oldest daughter telling her mother that [he] had propositioned her;"

2. he "admitted to sexual abuse with his stepdaughter;"

3. he informed her that he didn't know if he was "evil or sick;" and

4. he was open to referral to the sexual perpetrators program.

---

[4]The privilege does not apply "to any situation involving known or suspected child sexual abuse." Tenn. Code Ann. § 37-1-614(1996). As set forth above, however, H.K. was not a "child" at the time of the alleged offenses. We also note that the indictment in this case does not allege child sexual abuse.

In light of defendant's own admissions on the stand about discussing with the victim their having sexual relations, and in light of the remaining proof in the record, we hold that the admission of this testimony, while error, does not rise to the level of plain error requiring reversal. This issue is without merit.

In a related issue, defendant contends that the trial court erred in allowing Allmon to testify that defendant told her he sexually abused his stepdaughter. He argues it was not relevant or, alternatively, any relevance was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Tenn. R. Evid. 402, 403. Allmon was unable to clarify the time period to which defendant referred, making the testimony questionable as proof of the particular crimes with which he was charged. Moreover, the record establishes that defendant had two stepdaughters. Allmon did not identify which girl defendant allegedly abused. Finally, Allmon did not specify what conduct was meant by "sexual abuse." Regardless, we find that its admission did not so prejudice defendant as to require reversal. This issue is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In conjunction with the foregoing issues, defendant complains that his trial counsel was ineffective. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

Because we find that none of the errors complained of resulted in prejudice which deprived defendant of a fair trial, this issue has no merit. Defendant's

10

contention that all of the trial court's errors, combined with trial counsel's alleged mistakes, prejudiced the judicial process is likewise without merit. *See* Tenn. R. App. P. 36(b).

**SENTENCING**

Finally, defendant contends that his sentence on each conviction is excessive, and service of those sentences should not be consecutive. Defendant was convicted of two Class C felonies. The range of sentence for these felonies for a standard offender is three to six years. Tenn. Code Ann. § 40-35-112(a)(3). The trial court enhanced each of defendant's sentences to the maximum of six years on the basis of one enhancement factor: he had a previous history of criminal convictions in addition to those necessary to establish the range. Tenn. Code Ann. § 40-35-114(1). The trial court made a specific finding of no mitigating factors. Defendant contends that the court should have applied as mitigating factors that his conduct neither caused nor threatened serious bodily injury, and that he acknowledged his guilt and expressed remorse. Tenn. Code Ann. § 40-35-113 (1) and (13). The State disagrees and further argues that the trial court erred in refusing to apply two additional enhancement factors: the offenses were committed to gratify his desire for pleasure and excitement; and he abused a position of private trust. Tenn. Code Ann. § 40-35-114(7) and (15).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

11

We turn first to the application of mitigating and enhancement factors. We agree with the state that the enhancement factor for abuse of a private trust was applicable in this case, and that the trial court erred in refusing to apply it. Defendant was H.K.'s stepfather. Contrary to defendant's argument, abuse of a private trust is not an essential element of the crime of incest. *See* State v. Robert L. Miller, C.C.A. No. 03C01-9502-CR-00037, Blount County (Tenn. Crim. App. filed September 25, 1997, at Knoxville).

We further agree with the state that the defendant committed these acts to gratify his desire for pleasure and excitement. *See* Tenn. Code Ann. § 40-35-114(7). Again, this is not an essential element of incest. *See* State v. Billy Joe Pruitt, C.C.A. No. 01C01-9304-CR-00123, Wilson County (Tenn. Crim. App. filed March 31, 1994, at Nashville). Accordingly, even if defendant is correct that the trial court should have applied two mitigating factors, we find that the number and severity of the applicable enhancement factors is sufficient to support the maximum sentence within the range. This issue is without merit.

Because we have reversed defendant's conviction under Count One of the indictment, he is entitled to a new trial on that charge and, if convicted, a new sentencing hearing. The issue of consecutive sentences is, therefore, moot and we decline to address it.

**CONCLUSION**

For the reasons set forth above, defendant's conviction of incest under Count One of the indictment is reversed, and that charge is remanded for a new trial. In all other respects, the judgment below is affirmed.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**




_____
**DAVID H. WELLES, JUDGE**




_____
**JOHN EVERETT WILLIAMS, JUDGE**