IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2019

**STATE OF TENNESSEE v. ABU MUSA ABDULLAH**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-C-1519    Steve Dozier, Judge**

————————————————————

**No. M2019-00510-CCA-R3-CD**

————————————————————

A Davidson County jury convicted the Defendant, Abu Musa Abdullah, of three counts of aggravated sexual battery and two counts of rape of a child. The trial court sentenced the Defendant to serve an effective sentence of fifty-five years in the Tennessee Department of Correction. On delayed appeal, the Defendant asserts that the trial court erred when it: (1) limited cross-examination of two State witnesses; and (2) ordered an excessive sentence. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Chad Davidson, Nashville, Tennessee, for the appellant, Abu Musa Abdullah.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Jeffrey B. Jackson and Jeffrey A. George, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**
**A. Procedural History**

This case arises from the Defendant's sexual contact with a minor. A Davidson County grand jury indicted the Defendant for three counts of aggravated sexual battery and two counts of rape of a child. A trial was held on the charges and the jury convicted the Defendant on all counts. Following sentencing, the Defendant, pro se, filed a motion to dismiss for insufficient evidence. After review of the motion, the trial court appointed a new attorney for purposes of a post-conviction petition or a motion for new trial.

Newly appointed counsel filed a post-conviction petition, claiming that trial counsel had been ineffective in that she failed to timely file a motion for new trial. The trial court granted the post-conviction petition for purposes of a delayed appeal. Thereafter, the Defendant filed a motion for new trial arguing, as relevant to this appeal, that the trial court improperly limited cross-examination of two State witnesses and that, during sentencing, the trial court misapplied enhancement factors and improperly imposed partial consecutive sentencing. We summarize the evidence presented at trial in the context of these issues maintained on appeal.

## B. Trial Evidence

On October 12, 2015, the victim sent text messages to her youth pastor, Alex Pearne, disclosing that the Defendant had molested her in October 2013, when she was ten years old. The victim had been staying with a friend of the family, Elizabeth Ann Fritz, while her mother was out of town for work. Ms. Fritz had been dating the Defendant and he spent several nights at Ms. Fritz's apartment during the time the victim was there.

The church notified the victim's mother, and the victim's mother reported the incident. The victim was interviewed at Nashville Children's Alliance on November 17, 2015. She disclosed that the Defendant raped her while she was staying at Ms. Fritz's one-bedroom apartment. She stated that the Defendant came over and, while seated on the couch in the living room, slid his hand down the back of the victim's underwear and under the seated victim, touching her vagina (Count 1 – aggravated sexual battery). Later that night, while the victim was sleeping on the couch in the living room, the Defendant came out of the bedroom and lay down with the victim. He performed oral sex on the victim (Count 2 – rape of a child), placed his fingers inside the victim's vagina (Count 3 – rape of a child), and kissed the victim's breasts (Count 4 – aggravated sexual battery). The following night, the Defendant again approached the victim while she was trying to sleep on the couch and fondled the victim's breasts. (Count 5 – aggravated sexual battery).

At the time of these events, the victim's mother was suffering from physical and mental illnesses. Out of concern for her mother's health, the victim did not disclose the incident to her mother; however, the victim became depressed and began inflicting wounds on herself. Once the victim began having suicidal thoughts, she disclosed the Defendant's sexual contact with her to Mr. Pearne.

After hearing the evidence, the jury convicted the Defendant of three counts of aggravated sexual battery and two counts of rape of a child.

## C. Sentencing

The victim and her mother read statements into the record during the sentencing hearing, describing the impact of the Defendant's crimes on them and requesting that the trial court order the maximum jail sentence. The State submitted certified judgments of convictions and also the presentence report. The Defendant testified about courses taken during a previous incarceration. He then recounted hardships he faced upon his release from jail in 2010 and how he became involved in church. He expressed concerns about his mother's health and his own personal health issues. The Defendant maintained his innocence of the crimes for which he had been convicted.

In a written order, the trial court stated that it had considered the evidence at trial and the sentencing hearing, the presentence report, the principles of sentencing, arguments of counsel, the nature of the criminal conduct, evidence offered by the parties on enhancement and mitigating factors, statistical information provided by the administrative office of the courts, the risk and needs assessment, and the Defendant's potential for rehabilitation in determining the sentence. The trial court found no applicable mitigating factors and three applicable enhancement factors: (1) a previous history of criminal convictions; (2) a previous failure to comply with the conditions of a sentence involving release; and (3) an abuse of a position of private trust that facilitated the commission of the offense. T.C.A. § 40-35-114 (1), (8), and (14).

The trial court applied enhancement factor (1), the Defendant "has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." *Id.* The trial court relied upon the certified copies of convictions submitted by the State and the presentence report in applying this factor. The Defendant had five prior felony convictions and numerous misdemeanor convictions. The trial court applied this factor to the sentences for Counts 2 and 3, rape of a child.

The trial court also applied enhancement factor (8), the Defendant had previously failed to comply with the conditions of a sentence that involved release into the community. *Id.* For this factor the trial court relied upon the violation of probation sentences from the Defendant's prior felony drug offenses, resulting in the sentences being placed into effect. The trial court applied this factor to all of the sentences.

Finally, the trial court applied enhancement factor (14), the Defendant "abused a position of . . . private trust . . . in a manner that significantly facilitated the commission or the fulfillment of the offense." *Id.* In applying this factor to all of the Defendant's sentences, the trial court found, "[t]he victim in this case was allowed to stay in the same house as the Defendant and the Defendant's girlfriend, which provided him with the opportunity to commit these offenses."

As required by statute, the trial court sentenced the Defendant as a Range II offender for Counts 2 and 3, rape of a child, a Class A felony. Thus, the Defendant faced a potential sentence of twenty-five to forty years for each count. The trial court then found the Defendant was a Range III offender for Counts 1, 4, and 5, aggravated sexual battery, a Class B felony, based upon two prior convictions for Class C felonies and three prior convictions for Class D felonies. As such, the convictions had a sentencing range of twenty to thirty years. The trial court ordered the following sentences:

| | |
|---|---|
| Count 1 – aggravated sexual battery | 20 years |
| Count 2 – rape of a child | 35 years |
| Count 3 – rape of a child | 35 years |
| Count 4 – aggravated sexual battery | 20 years |
| Count 5 – aggravated sexual battery | 20 years |

Due to the multiple convictions, the trial court next considered consecutive sentencing. The trial court found two factors applied by a preponderance of the evidence: (1) that the Defendant's record of criminal activity was extensive; and (2) that the Defendant was convicted of five offenses involving sexual abuse of a minor. T.C.A. § 40-35-115(b)(2), and (5). The trial court noted the Defendant's prior felony convictions and misdemeanor convictions in support of the application of factor (2). As to factor (5), the trial court made the following findings:

> The Court is of the opinion that this factor is applicable in the instant case. Although the abuse only took place over a relatively short period of time . . . the Defendant forced the victim to engage in a broad scope of sexual acts, as he performed oral sex on the victim, digitally penetrated her vagina, and fondled her breasts. Additionally, the Court gives great weight to the long-lasting impact the Defendant's actions have had on the victim. The victim testified that she has continued to seek counseling relating to these events even to this day, and that she has experienced suicidal ideation as a result of the Defendant's actions.

The trial court ordered that Counts 1, 2, 3, and 4 run concurrent to one another and that Count 5 run consecutively to Count 2 for an effective sentence of fifty-five years. The trial court found that the fifty-five year sentence was reasonably related to the severity of the offenses, was necessary to protect the public from further criminal acts by the Defendant, and was consistent with the overall principles of sentencing.

It is from these judgments that the Defendant appeals.

- 4 -

## II. Analysis

The Defendant asserts that the trial court improperly limited his cross-examination of State witness Barbara Tallent, the forensic interviewer, and State witness Elizabeth Ann Fritz, his former girlfriend. He further argues that the trial court misapplied enhancement factors and improperly ordered consecutive sentencing. The State asks this court to affirm the judgments in all respects.

### A. Cross-Examination

A defendant's constitutional right to confront the witnesses against him includes the right to conduct meaningful cross-examination. *State v. Wyrick*, 62 S.W.3d 751, 770 (Tenn. Crim. App. 2001). Denial of the defendant's right to effective cross-examination is "'constitutional error of the first magnitude'" and may violate the defendant's right to a fair trial. *State v. Hill*, 598 S.W.2d 815, 819 (Tenn. Crim. App. 1980) (quoting *Davis v. Alaska,* 415 U.S. 308, 318, (1974)). "The propriety, scope, manner and control of the cross-examination of witnesses, however, rests within the sound discretion of the trial court." *State v. Dishman*, 915 S.W.2d 458, 463 (Tenn. Crim. App. 1995); *Coffee v. State*, 216 S.W.2d 702, 703 (1948). Furthermore, "a defendant's right to confrontation does not preclude a trial court from imposing limits upon cross-examination which take into account such factors as harassment, prejudice, issue confrontation, witness safety, or merely repetitive or marginally relevant interrogation." *State v. Reid*, 882 S.W.2d 423, 430 (Tenn. Crim. App. 1994).

The defendant's right to cross-examine a witness is also limited to questions that are designed to elicit relevant evidence. Under Rule of Evidence 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. Rule Evid. 401. Rule 402 states, "All relevant evidence is admissible except as provided by the Constitution of the United States, the Constitution of Tennessee, these rules, or other rules or laws of general application in the courts of Tennessee. Evidence which is not relevant is not admissible." Tenn. Rule Evid. 402. Finally, Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. Rule Evid. 403. "The decision regarding the admissibility of [evidence] pursuant to these Rules lies within the sound discretion of the trial court and will not be overturned on appeal absent a clear showing of an abuse of that discretion." *State v. Young*, 196 S.W.3d 85, 105 (Tenn. 2006) (citing *State v. Banks*, 564 S.W.2d 947, 949 (Tenn. 1978)).

## 1. Barbara Tallent

The Defendant contends that the trial court erred when it limited his cross-examination of the forensic interviewer, Barbara Tallent. The State responds that the question at issue had been asked and answered, and therefore, the trial court properly sustained the State's objection to repetitive questioning.

At trial, the following exchange between defense counsel and Ms. Tallent occurred:

Counsel:  Do you agree that all of the children that you interviewed, do you agree that all of them are not telling the truth?

. . . .

Tallent:  I apologize, I'm not really sure what you're asking.

Counsel:  Do you think that all of the children are telling the truth that you interviewed?

Tallent:  Do I think that all of them are telling the truth? Well, that's a really hard question to answer because my job isn't determining whether a child is telling the truth, it's just to gather information in a neutral setting. I don't know if that answers your question, but I don't know how to answer it.

Counsel:  Do you think all of the children are telling the truth or not? Some children lie to you, correct?

Tallent:  Um, I'm not sure I know how to answer. I don't know if I can answer that.

Counsel:  Do you have children of your own?

State:  Objection, Your Honor, to the relevance of this. She can - -

Court:  Okay. All right. I will sustain the objection.

Counsel:  Do you agree that children lie?

| | |
|---|---|
| State: | Your Honor, same question. She's been asking - - this is the fourth different time she's asked it a different way? |
| Counsel: | She hasn't answered it. |
| State: | She did, Your Honor. |
| Court: | Okay. What she believes about whether children lie, I will sustain the objection. |
| Counsel: | Okay. |

The trial court did not abuse its discretion when it sustained the State's objection to repetitive questioning after Ms. Tallent had given a response. When asked, essentially, about her belief about the truthfulness of the children she interviewed, Ms. Tallent explained that she could not answer that because her job was not to determine the truthfulness of the children but to gather information in a neutral setting.

Defense Counsel asked the question about the truthfulness of children four times. Ms. Tallent asked for clarification and, after the second and more clearly articulated question, Ms. Tallent provided her response. Defense counsel proceeded to question Ms. Tallent two more times about the truthfulness of children when the State objected to the repeated questioning. The trial court may limit questioning that is repetitive. *See Reid*, 882 S.W.2d at 430. We conclude that the trial court acted within its discretion by limiting repetitive questioning following Ms. Tallent's response to the question. The Defendant is not entitled to relief.

### 2. Elizabeth Ann Fritz

Next, the Defendant asserts that the trial court improperly limited the cross-examination of Elizabeth Ann Fritz. The State responds that because Ms. Fritz answered the question, the trial court did not abuse its discretion by granting the State's objection to repetitive questioning of the witness.

During the direct-examination of Ms. Fritz, the State inquired about the first alleged incident, Count 1, aggravated sexual battery. According to the victim, the Defendant, Ms. Fritz, and she were all seated on the couch watching a movie. When the movie ended, they remained on the couch playing Candy Crush on the Defendant's and Ms. Fritz's cell phones. The Defendant handed his cell phone to the victim to play Candy Crush and leaned over, whispering in her ear to "lift up." Confused by the request, the

victim lifted up, and the Defendant slid his hand down her back and under her, touching her vagina. A short time later, the Defendant removed his hand to get up off the couch and go to Ms. Fritz's bedroom. The State asked Ms. Fritz about this incident, and she said it was possible the three of them were seated on the couch but that she did not remember it. She remembered playing Candy Crush but did not recall whether the victim played on the Defendant's cell phone. On cross-examination, defense counsel asked Ms. Fritz, "you don't remember an occasion where all three of you are sitting on the couch together: is that what you are saying?" To which, Ms. Fritz replied, "No, I don't remember." The questioning at issue is as follows:

Counsel: So I'm telling you that [the victim] was allegedly sexually assaulted while you were sitting beside her playing Candy Crush; what is your reaction to that?

Fritz: I don't have an answer for that.

Counsel: You don't. Were you alert that day? You hadn't taken a sleeping pill early in the day or anything had you?

Fritz: No.

Counsel: You were alert, correct?

Fritz: It was so long ago, I don't remember every detail.

Counsel: But if somebody was sexually assaulted while sitting beside you, you don't remember feeling any tension or anything different that day?

Fritz: Let me just say this: The man has hands like an octopus, okay.

Counsel: Just answer my question.

Fritz: I'm sorry.

Counsel: Just answer my question. So you're saying that while you were - -

Fritz: It is possible.

- 8 -

Counsel:     It was possible?

Fritz:        We will say that, uh-huh.

Counsel:     But you don't know?  You don't know?  You don't even remember the day?

Fritz:        I remember the day, but I don't remember seeing him touch her.

Counsel:     Do you remember sitting - - all three of you sitting on the couch playing Candy Crush; do you remember that?

Fritz:        I remember us being in the same room, watching movies and I know we played Candy Crush, but if all three of us was sitting on the couch at the same time playing Candy Crush - -

Counsel:     With blankets on, you don't think - - did that happen?

Fritz:        It's –

Counsel:     Your testimony is that you don't remember, as far as you know it did - -

Fritz:        That's what I'm saying, I don't remember.

Counsel:     As far as you know, it did not happen?

Fritz:        I don't remember if he touched her.

Counsel:     That's not what I asked you.  As far as you know - -

State:        Objection to asked and answered.

Counsel:     Okay.

Court:        Okay.  If she doesn't remember[ ], she wouldn't be able to answer that question.

The trial court did not abuse its discretion when it sustained the State's objection to repetitive questioning.  Ms. Fritz testified on direct and cross-examination that she did

not remember the circumstances surrounding the first count of the indictment. Defense counsel repeated Ms. Fritz's statement that she did not remember the specifics of the incident, yet defense counsel continued to question Ms. Fritz about her memory of the incident. The jury heard Ms. Fritz testify numerous times that she did not remember all three of them sitting on the couch together on the night in question. Accordingly, the trial court did not abuse its discretion by limiting repetitive questioning. *See Reid*, 882 S.W.2d at 430. The Defendant is not entitled to relief as to this issue.

## B. Sentencing

The Defendant asserts that the trial court improperly applied an enhancement factor and abused its discretion when it ordered partial consecutive sentencing. The State responds that the trial court considered the appropriate factors and that the record demonstrates that the sentence is consistent with the statutory purposes and principles of sentencing. We agree with the State.

The Tennessee Criminal Sentencing Reform Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence. Under the Act, a trial court may impose a sentence within the applicable range as long as the imposed sentence is consistent with the Act's purposes and principles. T.C.A. § 40-35-210(c)(2), (d) (2010); *see State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008).

In *State v. Bise*, the Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" 380 S.W.3d 682, 708 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Shaffer*, 45 S.W.3d at 555; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise,* 380 S.W.3d at 709-10. In other words, so long as the trial court sentences a defendant within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707.

### 1. Enhancement Factor (14)

The Defendant challenges the trial court's application of enhancement factor (14), "The defendant abused a position of public or private trust . . . that significantly facilitated the commission . . . of the offense." T.C.A. § 40-35-114. The State responds that the sentences were properly enhanced on the two factors applied by the trial court that the Defendant does not challenge.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (2019).

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. *See* T.C.A. § 40-35-114 (2012); *see also Bise*, 380 S.W.3d at 699 n.33, 704; *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." *Carter*, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *Id.* at 343. A trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Bise*, 380 S.W.3d at 706. "[Appellate Courts are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Carter*, 254 S.W.3d at 346.

The trial court found three applicable enhancement factors: (1) a previous history of criminal convictions; (2) a previous failure to comply with the conditions of a sentence involving release; and (3) an abuse of a position of private trust that facilitated the commission of the offense. T.C.A. § 40-35-114 (1), (8), and (14). Even assuming the Defendant's arguments with regard to enhancement factor (14) are correct, the remaining two applicable factors are sufficient to support the trial court's decision to impose an in-range range sentence that is greater than the minimum.

The presentence report shows that the Defendant has in excess of twenty-five convictions in at least three different counties, beginning in 1981 with the latest convictions in 2014. This evidence supports the trial court's application of enhancement factor (1), that the Defendant has a previous history of criminal convictions. The presentence report also shows two probation violations, supporting the trial court's application of enhancement factor (8), that the Defendant has previous failures to comply with the conditions of a sentence involving release. Accordingly, the trial court did not abuse its discretion when it applied these enhancement factors to the Defendant's sentence in imposing a sentence that was greater than the minimum in the range. The Defendant is not entitled to relief as to this issue.

## 2. Consecutive Sentencing

The Defendant challenges the trial court's reliance on criteria (5) in ordering partial consecutive sentencing because the length of the time was "short" and the acts "the most benign." The State responds that the trial court properly ordered consecutive sentences. We agree with the State.

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to run consecutively if it finds any one of the statutory criteria by a preponderance of the evidence. As it relates to this case, the trial court found the following criteria applicable:

> (2) The defendant is an offender whose record of criminal activity is extensive;

> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

T.C.A. § 40-35-115. The criteria are stated in the alternative; therefore, only one need exist to support the imposition of consecutive sentencing. *See id.*; *State v. Denise Dianne Brannigan*, No. E2011-00098-CCA-R3-CD, 2012 WL 2131111, at *19 (Tenn. Crim. App., at Knoxville, June 13, 2012), *no Tenn. R. App. P. 11 application filed*. The imposition of consecutive sentencing, however, is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for

the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed [.]" T.C.A. § 40-35-103(2), (4). We review a trial court's decision to impose consecutive sentences for an abuse of discretion with a presumption of reasonableness. *State v. Pollard*, 432S.W.3rd 851, 860 (Tenn. 2013).

As discussed above, the Defendant had numerous criminal convictions, including at least four felony convictions. This record of criminal activity supports the trial court's reliance on criteria (2) in ordering partial consecutive sentencing. Because the criteria are stated in the alternative, the trial court needed only one to support its order of consecutive sentencing. We note, however, that the record also supports the trial court's reliance on criteria (5). The trial court noted that, although the duration of the events was not long, the scope of the acts and the residual mental and emotional damage to the victim, which included depression, self-harm, and suicidal ideation, warranted partial consecutive sentencing.

We conclude that the record does not preponderate against the trial court's finding that partial consecutive sentencing was warranted in this case. The Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE